would not exceed one hundred forty dollars. It is also insisted by appellant that there was no evidence in the record tending to show the value of the premises of appellee before the fire and after the fire, and that therefore there was no basis on which to estimate appellee's damages. Appellant, however, is not in a position to insist on this measure of damages, as it offered on the trial testimony as to the cost of resowing the land burned over, and as to the loss of the succeeding crop of hay. We are inclined to hold that this is a correct basis for estimating the damages in this character of case.

As appellee is not entitled to recover on the first and second counts of his declaration, it is not necessary to consider the evidence with reference to the amount of damages suffered by him, by reason of the washing of his land.

For the reasons above set forth, the judgment of the trial court will be reversed and said cause remanded.

*Reversed and remanded.*

---

**Ford Motor Company for use of John E. Keyser, Appellant, v. Charles Fry, Appellee.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Wabash county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action by Ford Motor Company for the use of John E. Keyser, plaintiff, against Charles Fry, defendant, to recover damages for breach of a contract for the

purchase of an automobile from Keyser as agent and for loss of commissions. From a judgment for defendant, plaintiff appeals.

P. J. Kolb and M. J. White, for appellant.

E. B. Green and Theodore G. Risley, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

## Abstract of the Decision.

1. Sales, § 345*—*when seller exercising option to retain sum provided in contract as liquidated damages for breach is precluded from further recovery.* Where a contract of sale made between an automobile agent for his company and a purchaser for a machine provided that such purchaser should pay a certain sum on acceptance of the order, and that if he failed to accept the machine within forty-eight hours after being notified that same was ready for delivery such machine might be resold and the sum paid retained, at the seller's option, as liquidated damages for its expense and efforts in making such resale, *held* that under such contract the seller was foreclosed from any further recovery than the sum retained by it.

2. Sales, § 344*—*what is measure of damages for breach of contract of purchase where machine is resold by seller.* In the absence of a measure of damages fixed in a contract for the sale of an automobile for a breach thereof by refusing to accept the machine in accordance with the terms of such contract, where a resale of the machine is had the seller would not be entitled to recover any greater amount than the expense, if any, incurred in effecting such resale at the same price as to the first purchaser.

3. Factors, § 28*—*when agent is not entitled to commissions on unaccepted machine.* Where an automobile company sued for the use of its agent the purchaser of one of its machines under a contract of sale thereof, *held* no recovery can be had for the commissions or profits which such agent would have been entitled to had such purchaser accepted such machine under such contract.

4. Contracts, § 256*—*what are merged in written contract.* All prior conversations and agreements are merged in a written contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.